UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044 (NGG) (MMH) <br><br> Case No.: 1:22-md-03044-NGG-MMH <br><br> District Judge Nicholas G. Garaufis <br> Magistrate Judge Marcia M. Henry |
|---|---|

**THIS DOCUMENT RELATES TO:**

CHARLES M. BURGDORF AND CHRISTINA LYNCH-BURGDORF

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) files this Short Form Complaint and Demand for Jury Trial against the Defendants named below. Plaintiff(s) incorporates by reference the allegations, Causes of Action, and requested relief contained in the Amended Master Personal Injury Complaint filed in *In re: Exactech Polyethylene Orthopedic Products Liability Litigation,* MDL No. 3044, Case No. 1:22-md-03044 ("Amended Master Personal Injury Complaint" or "AMPIC").[1]

Plaintiff(s) further alleges as follows:

### I. IDENTIFICATION OF PARTIES

    A.    **PLAINTIFF(S)**

1. Injured Plaintiff(s): Name of the individual(s) implanted with and injured by an Exactech Device.

   CHARLES M. BURGDORF

   ("Plaintiff(s)")

---

[1] Plaintiff may assert additional causes of action and/or name Defendants not otherwise set forth in the Amended Master Personal Injury Complaint. If additional causes of action are asserted and/or new Defendants named, the specific facts supporting any such additional cause of action or the naming of such additional Defendants must be pled in a manner complying with the Federal Rules of Civil Procedure. Additional pages may be attached to this Short Form Complaint, if necessary.

2. At the time of the filing of this Short Form Complaint, Plaintiff resides in the following state:

   NY

3. *Consortium Plaintiff(s):* Name of the individual(s) that alleges damages for loss of consortium:

   CHRISTINA LYNCH-BURGDORF

   ("Consortium Plaintiff")

4. *Survival and/or Wrongful Death Claims:*
   a. *Representative Plaintiff:* Name of the individual filing this matter and their representative capacity (i.e. administrator or executor of estate):

   ("Representative Plaintiff")

   b. Name and state of residence of Decedent Plaintiff when he/or she died as a result of an Exactech Device related injury:

   c. Decedent Plaintiff died on the following date:

   **B.    DEFENDANTS**

BEFORE PROCEEDING – PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, AND/OR CITIZENSHIP OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS ANY PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE

5. Plaintiff(s) names the following Defendants in this action:

**Exactech Defendants**

- ✔ Exactech, Inc.[2]
- ✔ Exactech U.S., Inc.[3]

**TPG Defendants**

NOTE: Pursuant to Practice and Procedure Order No. 4 (Direct Filing Order as to TPG Entity Defendants), these entities may *only* be named as a defendant in an action DIRECTLY FILED in this Court -- as opposed to an action filed in another court and transferred to this Court via the MDL statute, 28 U.S.C. § 1407 -- if implantation of a device(s) identified in paragraphs 8, 15, 22 or 29 below occurred *on or after February 14, 2018* (i.e., the date identified in response to paragraphs 10, 17, 24, 31 below); otherwise, identifying one or more of the TPG Defendants below will be of no effect and it/they will NOT be a defendant in the action.

- ✔ TPG Inc.[4]
- ✔ Osteon Holdings, Inc.[5]
- ✔ Osteon Merger Sub, Inc.[6]
- ✔ Osteon Intermediate Holdings II, Inc.[7]

**Other Defendant(s)** (provide name and state(s) of citizenship for each new Defendant)

---

[2] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[3] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[4] Delaware corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Delaware and Texas.
[5] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.
[6] Texas corporation, with its principal place of business in Florida, and a citizen of Texas and Florida.
[7] Delaware corporation, with its principal place of business in Delaware, and a citizen of Delaware.

3

II. **JURISDICTION**

6. The Court has jurisdiction over this matter pursuant to:

   ☑ Diversity of Citizenship

   ☐ Other (any additional basis for jurisdiction must be pled in sufficient detail below or on appended pages as required by the applicable Federal Rules of Civil Procedure):

III. **VENUE / DESIGNATED FORUM**

7. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   United States District Court - Eastern District of New York

IV. **PLAINTIFF'S EXACTECH DEVICE AND INJURIES**

**Exactech Device 1:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

8. Plaintiff was implanted with the following Exactech Device:

**Exactech Hip Devices**
- ☐ Connexion GXL
- ☐ Novation GXL
- ☐ AcuMatch GXL
- ☐ MCS GXL

**Exactech Knee Devices**
- ☐ Optetrak
- ☑ Optetrak Logic
- ☐ Truliant

**Exactech Ankle Device**
- ☐ Vantage

4

9. Leg in which the Exactech Device was Implanted:
   - [✔] Right
   - [ ] Left

10. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    Jan    29    2016

11. State in which the Exactech Device was implanted:

    NY

12. Date the Exactech Device was surgically removed/revised:

    Nov    20    2018

13. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

    Pain, stiffness, discomfort, and weakness which in turn negatively affected Plaintiff's mobility and quality of life which necessitated a right knee revision surgery on November 20, 2018. Plaintiff endured resultant pain following surgery as well as a difficult recuperation/rehabilitation period and physical therapy. Plaintiff's ability to perform normal physical activities has been consequently limited. However, during Plaintiff's November 20, 2018 right knee revision surgery, Plaintiff was re-implanted with a second recalled Optetrak Logic Device.

14. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐   No ☑

**Exactech Device 2:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

15. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☑ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

16. Leg in which the Exactech Device was Implanted:

☑ Right
☐ Left

17. Date the Exactech Device was implanted (see also note to paragraph 5 above):

Nov    20    2018

18. State in which the Exactech Device was implanted:

NY

19. Date the Exactech Device was surgically removed/revised:

Jun    1    2022

20. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

Pain, stiffness, discomfort, and weakness which in turn negatively affected Plaintiff's mobility and quality of life which necessitated a second right knee revision surgery on June 1, 2022. Plaintiff endured resultant pain following surgery as well as a difficult recuperation/rehabilitation period and physical therapy. Plaintiff's ability to perform normal physical activities has been consequently limited.

21. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐   No ✔

**Exactech Device 3:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

22. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

23. Leg in which the Exactech Device was Implanted:

☐ Right

☐ Left

24. Date the Exactech Device was implanted (see also note to paragraph 5 above):

_____

25. State in which the Exactech Device was implanted:

_____

26. Date the Exactech Device was surgically removed/revised:

_____

8

27. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

---

28. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

    Yes ☐  No ☐

**Exactech Device 4:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

29. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

30. Leg in which the Exactech Device was Implanted:
    ☐ Right
    ☐ Left

31. Date the Exactech Device was implanted (see also note to paragraph 5 above):

    _____

32. State in which the Exactech Device was implanted:

    _____

33. Date the Exactech Device was surgically removed/revised:

    _____

34. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

35. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐ No ☐

**Exactech Device 5:**

**(NOTE: Answer the following questions for only one Exactech Device.)**

36. Plaintiff was implanted with the following Exactech Device:

| **Exactech Hip Devices** | **Exactech Knee Devices** |
|---|---|
| ☐ Connexion GXL | ☐ Optetrak |
| ☐ Novation GXL | ☐ Optetrak Logic |
| ☐ AcuMatch GXL | ☐ Truliant |
| ☐ MCS GXL | |

**Exactech Ankle Device**

☐ Vantage

37. Leg in which the Exactech Device was Implanted:
    ☐ Right
    ☐ Left

38. Date the Exactech Device was implanted (see also note to paragraph 5 above):

_____

39. State in which the Exactech Device was implanted:

_____

40. Date the Exactech Device was surgically removed/revised:

_____

41. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

_____

42. Is Plaintiff asserting claims regarding injuries suffered **prior to** February 14, 2018 against the TPG Defendants?

Yes ☐ No ☐

**NOTE: If Plaintiff(s) alleges injuries related to additional Exactech Devices not already identified in this Short Form Complaint, please complete questions 36-42 separately for each additional Exactech Device and attach to this Short Form Complaint.**

V. **CAUSES OF ACTION**

43. As to Exactech, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ✔ First Cause of Action: Strict Liability – Manufacturing Defect
- ✔ Second Cause of Action: Strict Liability – Design Defect
- ✔ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ✔ Fourth Cause of Action: Negligence
- ✔ Fifth Cause of Action: Breach of Express Warranty
- ✔ Sixth Cause of Action: Breach of Implied Warranty
- ✔ Seventh Cause of Action: Negligent Misrepresentation
- ✔ Eighth Cause of Action: Fraud
- ✔ Ninth Cause of Action: Fraudulent Concealment
- ✔ Tenth Cause of Action: Punitive Damages
- ✔ Eleventh Cause of Action: Loss of Consortium
- ✔ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

  N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

44. As to Exactech U.S., Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [✔] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

45. As to TPG, Inc. Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [✔] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

46. As to Osteon Holdings, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [✔] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

  N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

47. As to Osteon Merger Sub, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [✔] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

  N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

48. As to Osteon Intermediate Holdings II, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Amended Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- [✔] First Cause of Action: Strict Liability – Manufacturing Defect
- [✔] Second Cause of Action: Strict Liability – Design Defect
- [✔] Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- [✔] Fourth Cause of Action: Negligence
- [✔] Fifth Cause of Action: Breach of Express Warranty
- [✔] Sixth Cause of Action: Breach of Implied Warranty
- [✔] Seventh Cause of Action: Negligent Misrepresentation
- [✔] Eighth Cause of Action: Fraud
- [✔] Ninth Cause of Action: Fraudulent Concealment
- [✔] Tenth Cause of Action: Punitive Damages
- [✔] Eleventh Cause of Action: Loss of Consortium
- [✔] Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

N.Y. Gen. Bus. Law § 349 et seq. and § 350-e et seq.

49. As to any Defendant named in this Short Form Complaint that is not named in the Amended Master Personal Injury Complaint, Plaintiff(s) asserts the following allegations, causes of action, and prayer for relief. Attach additional pages to this Short Form Complaint, if necessary.

**WHEREFORE**, Plaintiff(s) prays for relief and judgment against named Defendants and all such further relief that this Court deems equitable and just as set forth in the Amended Master Personal Injury Complaint and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demands a trial by jury as to all claims in this action.

Date: Jul 31 2023

Signed: /s/ Ellen Relkin, Esq.

Signature block:
ELLEN RELKIN (ER-9536)
WEITZ & LUXENBERG P.C.
700 Broadway
New York, New York 10003
Phone: (212) 558-5500
Fax: (212) 344-5461
Email: erelkin@weitzlux.com